UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DANIEL RAY SMITH,
          Petitioner,

v.

PATRICK GLEBE,
          Respondent.

NO: 2:14-cv-03031-RMP

ORDER DISMISSING HABEAS ACTION

      BEFORE THE COURT is Petitioner's First Amended Petition, ECF No. 5. By Order filed April 29, 2014, the Court directed Mr. Smith to amend his petition to present facts showing that this action is timely under 28 U.S.C. § 2244(d). ECF No. 4. After liberally construing the amended petition and the attached exhibits in the light most favorable to Mr. Smith, the Court finds he has failed to cure the deficiencies of the initial petition.

      Petitioner, a prisoner at the Stafford Creek Corrections Center in Aberdeen, Washington, is proceeding *pro se* and has paid the filing fee for this action; Respondent has not been served. Petitioner challenges his 2004 Klickitat County convictions for First Degree Child Molestation and Second Degree Rape of a

ORDER DISMISSING HABEAS ACTION -- 1

1  Child.  He was sentenced on November 20, 2004, to 89 months to Life and 131
2  months to Life.  It is unclear whether these sentences are set to run concurrently or
3  consecutively.

4       Petitioner pleaded guilty and did not directly appeal his convictions.
5  Instead, Petitioner filed a CrR 7.9 Motion in the Klickitat County Superior Court
6  on unspecified grounds, which was denied on August 21, 2006.  He did not file a
7  Personal Restraint Petition in the Washington State Court of Appeals, Division III,
8  until April 20, 2012.

9       In the state court Petition, Mr. Smith indicates that he asserted ineffective
10 assistance of counsel; prosecutorial misconduct; withheld evidence; newly
11 discovered evidence; unspecified errors; "actual innocence doctrine and time-bar";
12 and he apparently sought to withdraw his guilty plea.  The Personal Restraint
13 Petition was dismissed, and the Washington State Supreme Court denied review on
14 August 27, 2013.  Petitioner states that he presently has a petition pending in the
15 Washington State Court of Appeals, Division III.

16      In his first ground for federal habeas relief, Petitioner seems to assert that the
17 state appellate courts did not actually show that his Personal Restraint Petition was
18 time-barred, as Petitioner asserts that he "effectively argued . . . that the time-bar
19 analysis does not apply to his case."  As previously advised, this Court is precluded
20 from exercising appellate jurisdiction over the decisions of the Washington state

ORDER DISMISSING HABEAS ACTION -- 2

courts. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (holding that federal district courts may not exercise appellate jurisdiction over state court decisions); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). To the extent that Petitioner is challenging the decisions of state appellate courts regarding the timeliness of his Personal Restraint Petition, he has not stated a basis for federal habeas review.

In his second ground for relief, Petitioner seems to raise the issue of whether he effectively argued the invalidity of his Judgment and Sentence before the state appellate courts. He asserts that he "made clear" that his restraint was unlawful and that there was a "fundamental defect and miscarriage of justice." These conclusory assertions, however, do not state a factual basis to support a federal habeas claim.

Federal habeas relief is only available for violations of "clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412 (2000) (emphasis added). Petitioner does not articulate any facts from which the Court could infer that his convictions violated clearly established federal law.

In his third and final ground for federal habeas relief, Petitioner raises the issue of whether he produced effective evidence of his innocence before the state appellate courts. He mentions "sound documents proving his innocence of his

ORDER DISMISSING HABEAS ACTION -- 3

crime," and references exhibits, including a letter from the Washington State Department of Social and Health Services, allegedly discovered "years later." The posture of this ground for relief is peculiar. To the extent that Plaintiff is seeking appellate review of State Court determinations, these claims are precluded under the *Rooker-Feldman* doctrine referenced above.

To the extent Petitioner is asserting "innocence" as a basis to excuse the untimeliness of his federal habeas petition, he has failed to meet the exacting requirements of *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924 (2013). An actual innocence claim requires a petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. *Schlup*, 513 U.S. at 324.

Here, Petitioner attaches a single-page letter from the Department of Social and Health Services, dated August 30, 2004, to his amended petition. ECF No. 5 at 24. He does not state when he "discovered" this letter. Regardless, he provides no facts showing how this document clearly exonerates him of the sexual abuse crimes to which he pleaded guilty. He provides no evidence showing the allegedly unfounded reports of abuse and neglect of a child on March 11 and 27, 2004,

ORDER DISMISSING HABEAS ACTION -- 4

involved the same facts of his conviction. He has not shown new reliable evidence of his innocence.

A district court may enter an order for the summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)).

The Court granted Petitioner leave to present facts showing that he is in custody in violation of the U.S. Constitution and to demonstrate grounds either statutorily or equitably to toll the running of the federal limitations period for filing a habeas petition under 28 U.S.C. § 2244(d). The amended petition did not remedy these deficiencies.

For the reasons set forth above and in the Court's previous Order, ECF No. 4, **IT IS ORDERED** that this habeas action is **DISMISSED** pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts and **with prejudice** as time-barred under 28 U.S.C. § 2244(d).

**IT IS SO ORDERED**. The District Court Executive shall file this Order and enter judgment in favor of Respondent. The Court certifies that pursuant to 28

ORDER DISMISSING HABEAS ACTION -- 5

1   U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith,

2   and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. §

3   2253(c); Fed. R. App. P. 22(b).

4       **DATED** this 17th day of July 2014.

5

6                                  *s/ Rosanna Malouf Peterson*
                                   ROSANNA MALOUF PETERSON
7                                  Chief United States District Court Judge

ORDER DISMISSING HABEAS ACTION -- 6